IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HOPE M. MILLER,** | |
| **Plaintiff,** | |
| v. | Case No. 23-CV-00171-SEH-SH |
| **TULSA COMMUNITY FOUNDATION,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is Defendant Tulsa Community Foundation's motion to dismiss [ECF No. 9]. For the reasons stated below, the motion is granted in part and denied in part.

### I. Background

Aside from identifying herself and the defendant, Plaintiff's complaint is sparse. [ECF No. 1 at 2]. Defendant moves to dismiss Plaintiff's complaint for insufficient process and service of process under Fed. R. Civ. P. 12(b)(4)–(5), and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Defendant filed its motion on August 22, 2023, and Plaintiff did not respond until 8 months later, on April 24, 2024, well after the deadline to respond to Defendant's motion. Despite Plaintiff's untimely response, the Court will evaluate the merits of the motion.

## II. Discussion

Because Plaintiff is proceeding *pro se*, her filings are liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). She must, however, still follow the same procedural rules that apply to all litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Additionally, the Court may not act as Plaintiff's advocate by making arguments on her behalf. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### A. Insufficient Process – Rule 12(b)(4)

Fed. R. Civ. P. 12(b)(4) allows a defendant assert a defense for "insufficient process." "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *2 n.3 (10th Cir. June 26, 2023) (quoting Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.)). However, dismissal under Rule 12(b)(4) is normally only proper if the defendant is prejudiced by a defect in the summons. *Ross v. Aerotek Aviation, LLC*, No.04-CV-750-TCK-SAJ, 2005 WL 8174979, at *1 (N.D. Okla. Nov. 17, 2005); *see also* 4A Wright & Miller, Fed. Prac. & Proc. Civ. § 1088 (4th ed.

June 2024 update). If a summons is deficient, a court can simply quash the process without dismissing the entire case. *Pickup v. District Court of Nowata Cnty., Okla.*, No. CIV 20-0346 JB/JFJ, 2023 WL 1394896, at *42 (N.D. Okla. Jan. 31, 2023); *Logan v. Oklahoma City Police Dep't*, No. CIV-22-1083-F, 2023 WL 1930008, at *1 n.2 (W.D. Okla. Feb. 10, 2023).

Defendant argues that Plaintiff "did not obtain a summons signed by the Clerk of the Court and bearing the Court's seal" as required by Fed. R. Civ. P. 4(a), and that "no summons was issued by the Court and [Defendant] was not served with a signed summons." [ECF No. 9 at 5]; *see also* [ECF No. 24 at 5]. However, after Defendant filed the motion, and after the Court extended Plaintiff's service deadline [ECF No. 16], the clerk filed a signed summons with the clerk's seal. [ECF No. 17]. Plaintiff also filed a proof of service form that shows the summons was served on Defendant within the time allowed by the Court. [ECF No. 18]. Because a signed summons was issued and served on Defendant, the motion to dismiss for insufficient process under Fed. R. Civ. P. 12(b)(4) is denied as moot. But even if the issue was not moot, dismissal would not be justified because Defendant did not sufficiently identify any prejudice.

### B. Insufficient Service of Process – Rule 12(b)(5)

A party may move to dismiss for "insufficient service of process" under Fed. R. Civ. P. 12(b)(5). A "plaintiff bears the burden of proving that service

was properly made." *Dungan v. Lehnus*, No. 20-CV-0393-CVE-JFJ, 2021 WL 1234522, at *2 (N.D. Okla. April 1, 2021) (citation omitted). Plaintiff may establish proper service of process by submitting "affidavits and other documentary evidence for the court's consideration, and plaintiff is entitled to the benefit of any factual doubt." *Harvey v. Filart*, No. 19-cv-260-TCK-CDL, 2021 WL 4616088, at *2 (N.D. Okla. Oct. 6, 2021).

Although an action can be dismissed for failure to properly serve, a court should ordinarily quash improper service (*i.e.* invalidate a plaintiff's service and provide another opportunity to serve) rather than dismiss the action if the improper service can be cured. *Edwards v. F&M Property Mgmt.*, No. 22-CV-495-JFH-SH, 2023 WL 11760951, at *2 (N.D. Okla. Sept. 26, 2023) (citing *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 (10th Cir. 1983)).

Defendant contends that after Plaintiff filed this case on April 27, 2023, she "did not transmit to the registered agent for TCF a document captioned 'Complaint' until August 1, 2023, more than ninety-six (96) days after filing the Complaint. The 'Complaint' was not served within the [90-day] time limit for service required by Federal Rule of Civil Procedure 4(m)." [ECF No. 9 at 6]. Defendant also states that it did not receive a copy of the summons. [ECF No. 24 at 5].

Defendant ignores the Court's orders that extended Plaintiff's time to effect service. [ECF Nos. 6 & 16]. The Clerk of Court issued a summons on

4

October 20, 2023, and the summons was served on the same day. [ECF Nos. 17 & 18]. The summons also instructs Defendant to "serve on the plaintiff an answer to the <u>attached complaint.</u>" [ECF No. 17] (emphasis added). Defendant also admits that it was served with a copy of the complaint on at least August 1, 2023. [ECF No. 9 at 6]. Because the Court extended Plaintiff's time to serve for periods after the initial 90-day period, and because Plaintiff has adequately proved service of the summons and complaint, Defendant's motion to dismiss for improper service of process under Fed. R. Civ. P. 12(b)(5) is denied as moot.

### C. Failure to State a Claim – Rule 12(b)(6)

A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(6) based on a plaintiff's failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "There is a low bar for surviving a Rule 12(b)(6) motion to dismiss," and a case "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 815 (10th Cir. 2025) (cleaned up).

Although the facts alleged in the operative pleading are viewed in the light most favorable to the non-moving party, "[f]actual allegations must be enough to raise a right to relief above the speculative level" *Twombly*, 550 U.S. at 555. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice*, 861 F.3d at 1104–05. Despite the low bar for surviving dismissal under Rule 12(b)(6), conclusory allegations need not be accepted. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Aside from attaching an EEOC determination and notice of rights letter, asserting damages, and identifying herself and Defendant, the entirety of Plaintiff's allegations in the complaint are as follows:

> 4. On or about JUNE (Month/day), 2022 (Year), defendant(s)
>
> (Specify the unlawful employment practices which you are alleging against the defendant(s), such as: refusal to hire, discharge from employment, harassment in employment, etc.)
>
> I WAS ~~FIRED~~ DISCHARGED DUE TO MY AGE, COLOR, & SEX.
>
> because of (state why defendant(s) discriminated against you, i.e. race, color religion, sex or national origin, etc.)
>
> I AM OVER 40 YEARS OF AGE AFRO~NATIVE (BI-RACIAL) WOMAN.

[ECF No. 1 at 2].

Defendant is correct that these allegations are "mere conclusion[s] without any factual support" [ECF No. 9 at 7], and they fail to state a claim upon which relief may be granted. To be sure, Plaintiff provides additional, specific factual support in her response to Defendant's motion to dismiss. [ECF No. 22 at 2–4]. But Plaintiff cannot amend her complaint by including new factual allegations in her response to the motion to dismiss; the Court is limited to the allegations in her pleading. *Vietti v. (1) Welsh & McGough, PLLC*, No. 21-cv-00058-WPJ-SH, 2024 WL 870562, at * 9 (N.D. Okla. Feb. 29, 2024) (citing *Abdulina v. Eberl's Temp. Services, Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). Therefore, Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is granted. Plaintiff's complaint [ECF No. 1] is dismissed without prejudice. However, Plaintiff is granted leave to amend her complaint. If Plaintiff wishes to amend her complaint, she must do so no later than 21 days after the date this order is entered. Failure to timely amend the complaint will result in dismissal of this action.

## III.   Conclusion

For the reasons stated above, Defendant's motion to dismiss is granted in part and denied in part. Defendant's motion to dismiss for insufficient process and insufficient service of process under Fed. R. Civ. P. 12(b)(4)–(5) is DENIED. Defendant's motion to dismiss for failure to state a claim upon

which relief can be granted is GRANTED. Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

Plaintiff is granted leave to amend the complaint. If Plaintiff wishes to amend her complaint, she must do so no later than 21 days after the date this order is entered. Failure to timely amend the complaint will result in dismissal of this action.

DATED this 18th day of March, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE